IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| M. M., individually and on behalf of L.M., their son, and C. M., individually and on behalf of L.M., their son,<br><br>　　　　　Plaintiffs,<br><br>　　V.<br><br>DISTRICT 0001 LANCASTER COUNTY SCHOOL,<br><br>　　　　　Defendant. | 8:10CV449<br><br>MEMORANDUM AND ORDER |

　　This matter is before the court on Plaintiffs' Motion to Supplement the Record (filing 13). Plaintiffs' Motion will be denied.

### BACKGROUND

　　Plaintiffs' son, L.M., suffers from a significant learning disability due to an autism spectrum disorder. L.M. attended first, second and third grades at Sheridan Elementary School, a public school operated by Defendant Lincoln Public Schools ("LPS"). Due to severe behavioral problems, Plaintiffs placed L.M. in the Kennedy Krieger Institute ("KKI"), a treatment center that specializes in the treatment and diagnosis of children with autism, at or near the conclusion of L.M.'s third-grade year at Sheridan. L.M. was treated at KKI from April to September, 2009, during which time his treatment was overseen by Dr. Sung Woo Kahng ("Dr. Kahng"), a board certified behavior analyst specializing in the treatment of autism.

　　L.M. planned to return to Sheridan in his fourth-grade year. However, Plaintiffs disagreed with the Individualized Education Plan ("IEP") developed by LPS for L.M.'s return to Sheridan. In particular, Plaintiffs objected to the portion of the IEP which called for L.M.'s placement in a "calm room," or isolation room, following displays of aggressive

behavior. Plaintiffs requested that LPS implement the behavior plan developed by KKI, which required that L.M. remain in the classroom following displays of aggression. When LPS refused to implement the plan developed by KKI, Plaintiffs placed L.M. in Prairie View, a private school located in Roca, Nebraska. Plaintiffs then filed a complaint with the Nebraska Department of Education, seeking tuition reimbursement.

An administrative hearing was held from July 20 to July 23, 2010, at the Nebraska Department of Education to determine whether L.M. would have been provided a free and appropriate public education ("FAPE") in his fourth grade year by LPS, as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*. Dr. Kahng testified as an expert witness at the proceeding. The hearing officer ultimately concluded that L.M. had been provided a FAPE. Plaintiffs then filed this action, seeking review of the administrative decision.

## ANALYSIS

Plaintiffs have requested that they be permitted to supplement the administrative record. Specifically, Plaintiffs seek to have Dr. Kahng testify regarding (1) L.M.'s post-trial progress at Prairie Hill; (2) the credibility and alleged lack of qualifications of Defendant's expert, Deb Rauner and inaccuracies in her testimony regarding L.M.'s education at Sheridan; and (3) that the IEP for L.M.'s fourth grade year would not have provided L.M. a FAPE  Although the statute governing appeals under the IDEA permits a reviewing court to expand the administrative record, "a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so." *Independent Sch. Dist. No. 283 v. S.D.*, 88 F.3d 556, 560 (8th Cir. 1996) (quotation omitted). Plaintiffs have not met this burden.

Most, if not all, of the evidence hoped to be elicited from Dr. Kahng is cumulative to, or an embellishment of, information presently contained in the record. The administrative record already contains substantial information regarding L.M.'s progress at Prairie Hill. This evidence spans from the time L.M. entered KKI, up until the July, 2010 hearing. Plaintiffs' witnesses, including Dr. Kahng, testified that L.M. was making progress at Prairie

2

Hill during that time period. (Filings 19-3, 19-4 & 19-5.). *See West Platte R-II Sch. Dist. v. Wilson*, 439 F.3d 782 (8th Cir. 2006) (upholding lower court's refusal to receive additional evidence related to a student's post-hearing progress, reasoning "[c]onsidering the vast and detailed administrative record that was compiled, together with the fact that we normally determine these issues based solely on the administrative record, we conclude the district court did not abuse its discretion in denying the District's request to the supplement the record."). Similarly, although Dr. Kahng himself did not directly do so, Plaintiffs' counsel challenged Deborah Rauner's qualifications and testimony at the hearing. (Filing 19-7.) Moreover, while not specifically limited to the IEP, Dr. Kahng previously testified that he believes that L.M. would not have received any educational benefit had he attended LPS in the fourth grade, explaining that this was largely due to LPS' planned use of a calm room. (Filing 19-3.). Because Plaintiffs have not provided a solid justification for supplementing the administrative record, their motion to supplement will be denied.[1]

**IT IS ORDERED:**

1. Plaintiffs' Motion to Supplement the Record (filing 13) is denied;

2. Defendant's Motion to Designate Lincoln as Place of Trial (filing 22) is denied as moot.

**DATED July 8, 2011.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**

---

[1] Defendant filed a motion (filing 22) requesting that Lincoln be designated the place of trial in the event that the court grants Plaintiff's Motion to Supplement the Record. Given the court's findings herein, Defendant's Motion to Designate Lincoln as Place of Trial will be denied as moot.